Concurring Opinion.
Spencer, J.
In my opinion the real question in this case is largely one of fact. There can be no possible doubt that the partition of successions must be sued for in the probate court. C. P. 1022,164
It is equally clear that of all other actions of partition, the probate court has no jurisdiction:
The question here is, was the property partitioned that of a succession ?
Plaintiff’s argument that, under articles 1292, 1304,1305 and 1306 of Civil Code, there is “a continuation of the succession, which does not lose its character of a legal entity, until broken up by subjecting its parts to individual dominion,” i. e. until partition, is, I think, inadmissible and refuted by the plain textual provisions of the Code itself.
As long as a succession exists, and maintains itself as a “legal entity,” nothing can be clearer than that its creditors are preferred upon its assets to the creditors of the heir; just as the creditors of a firm, a juridical being, have preference on Us effects over the creditors of the individual members of the firm.
The best test therefore of the existence or non-existence of a succession will be found in these texts of the Cede which determine the facts, conditions and circumstances which terminate the existence of this right of preference of succession creditors over those of the heir.
When a succession has been opened the law directs that, pending the deliberations of the heir as to acceptance, an administrator may be appointed. C. C. 1039,1040,1044.
If the acceptance is benefician!, the administrator necessarily proceeds with his administration. C. C. 1058.
If the acceptance by the heir is pure and simple, “ all the effects *513 which compose the succession must immediately be delivered to him,”' he becoming responsible for all its debts. 0. 0. 1056.
To protect the creditors of the succession, the law gives them the-right, before the heirs take possession, to require of them good ancl sufficient security for the payment of their debts. C. C. 1011 and 1012. Even where this security has not been demanded, the creditors have three mouths, front the date of his acceptance and possession, to demand a “ separation of patrimony.” C. C. 1444, 1456.
“The effect of this demand on the part of the creditors of a succession is to cause them to be paid from the effects of the succession in preference to the creditors of the heirs.” C. O. 1446.
The right therefore of the unconditional heirs to the possession of the effects of the succession is undoubted. Where they demand possession, if there are succession debts unpaid, it is the duty of the administrator, if there be one, as representative of the creditors, to require of such heirs, under articles 1011 and 1012 0. C., good and sufficient security for the debts ; or the creditors themselves may so require. If this-has not been done, the creditors may within three months demand a-“separation of patrimony.” But it is clear that under these rules, if heirs of age be permitted to take absolute possession of the effects of the succession, and to mingle them with their own, the creditors of the succession lose their right of preference thereon and cease to be such— thereafter being only creditors of the heirs — and this for the simple reason that their debtor, the succession, as a “legal entity,” has ceased, to exist, and its patrimony has been lost, by merger into that of the heir. This I take to be the doctrine announced in Woolfolk vs. Woolfolk, 30 A. 139. I say therefore that the real question in this case is one of fact, to wit: Did the heirs of Freret, being all of age, under the order of couit, directing them to be put into possession, take real and actual possession of the effects of the succession ? If they did, the succession ceased to exist, and any suit thereafter brought for partition could not be entertained by the probate court, because there being no succession, none could be partitioned. After the succession was thus merged, and had ceased to exist, and up to the partition, the heirs were simply owners in common of the property. There was a community or joint ownership of the property, to which the rules of prescription, enunciated in C. C. 1304,1305, and 1306, are of course applicable.
I think the pleadings in the partition suit show and estop the heirs of Freret from disputing that they had taken actual possession before that suit was brought. I therefore concur in the decree of the court.
Mr. Iustice White dissents, and reserves his right to hereafter file his reasons therefor.